UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

SHAWN PETER ELOWSKY,

          Petitioner,          Case No. 1:20-cv-337

v.                                      Honorable Janet T. Neff

LES PARISH,

          Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Discussion**

**I.  Factual allegations**

Petitioner Shawn Elowsky is incarcerated with the Michigan Department of Corrections at the Oaks Correctional Facility (ECF) in Manistee, Manistee County, Michigan. Petitioner pleaded guilty in the Presque Isle County Circuit Court to one count of first-degree criminal sexual conduct (CSC I) involving a person under 13 years, Mich. Comp. Laws § 750.520b(1)(a); one count of second-degree criminal sexual conduct (CSC II) involving a person under 13 years, Mich. Comp. Laws § 750.520c(1)(a); and one count of possessing child sexually abusive material, Mich. Comp. Laws § 750.145c(4)(a).  In exchange for his guilty plea, the prosecutor dismissed four additional charges of CSC I, three additional charges of CSC II, and one additional charge of possessing child sexually abusive material.  On May 1, 2019, the court sentenced Petitioner to respective prison terms of 30 to 50 years, 5 to 15 years, and 2 to 4 years.

Petitioner sought leave to appeal his sentence in both the Michigan Court of Appeals and the Michigan Supreme Court, raising a single issue:

> I.  [PETITIONER] IS ENTITLED TO BE RESENTENCED BECAUSE HE WAS DENIED HIS CONSTITUTIONAL RIGHT TO DUE PROCESS OF LAW DUE TO THE COURT'S ERRONEOUS SCORING OF OFFENSE VARIABLE 4, WHICH RESULTED IN A SENTENCE BASED ON INACCURATE INFORMATION WHICH RAISED HIS GUIDELINE RANGE AND BECAUSE THE COURT IMPOSED AN UNREASONABLE AND DISPROPORTIONATE SENTENCE AS TO COUNT-1, CRIMINAL SEXUAL CONDUCT IN THE FIRST DEGREE, WITHOUT ADEQUATELY JUSTIFYING THE EXTREME UPWARD DEPARTURE FROM THE SENTENCING GUIDELINE RANGE.

(Pet'r's Appl. for Leave to Appeal to Mich. Ct. App., ECF No. 4-1, PageID.59, 60, 73.)  The state appellate courts denied leave to appeal on September 13, 2019, and February 4, 2020, respectively.

On April 15, 2020, Petitioner filed his original habeas corpus petition.  Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to

the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner placed his petition in the prison mailing system on April 15, 2020. (Pet., ECF No. 1, PageID.14.)

Although Petitioner filed his habeas application on the form provided by this Court, he did not complete all parts of the application; specifically, he did not indicate which habeas grounds he intended to present. As a consequence, in an order issued on May 6, 2020, the Court directed Petitioner to file an amended petition on the form and to answer all questions. In particular, the Court called Petitioner's attention to the need to identify the habeas grounds he intended to raise. Petitioner filed an amended petition on June 19, 2020.

The amended petition, like the original petition, fails to identify the habeas grounds Petitioner intends to present in this Court. Petitioner, however, has attached to his amended petition a copy of his application for leave to appeal to the Michigan appellate courts. On the basis of Petitioner's response, the Court concludes that he intends to raise in his habeas petition the single claim presented to the Michigan Court of Appeals and the Michigan Supreme Court.

## II.     AEDPA standard

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented

in the state court proceeding." 28 U.S.C. § 2254(d). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. 312, 316 (2015) (internal quotation omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Lopez v. Smith*, 574 U.S. 1, 4 (2014); *Marshall v. Rodgers*, 569 U.S. 58, 64 (2013); *Parker v. Matthews*, 567 U.S. 37, 48-49 (2012); *Williams*, 529 U.S. at 381-82; *Miller v. Straub*, 299 F.3d 570, 578-79 (6th Cir. 2002). Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 565 U.S. 34, 37-38 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 565 U.S. at 38).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405-06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 575 U.S. at 316 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). In other words, "[w]here

the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. 415, 424 (2014) (internal quotations omitted).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (en banc); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

### III.   Discussion

Petitioner's sole ground for relief involves the state court's application of the sentencing guidelines and the court's upward departure from the calculated guideline range. Petitioner, however, makes multiple, intertwined arguments about the validity of the sentence: (1) Offense Variable 4 (OV 4) was improperly scored under state law; (2) the scoring of OV 4 violated Petitioner's due process rights; and (3) the upward departure from the sentencing guidelines range was disproportionate and/or unreasonable under state law; and (4) the extreme upward departure from the guidelines violated Petitioner's constitutional rights.

"[A] federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (quoting 28 U.S.C. § 2254(a)). A habeas petition must "state facts that point to a 'real possibility of constitutional error.'" *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (quoting Advisory Committee Notes on Rule 4, Rules Governing Habeas Corpus Cases).

5

The federal courts have no power to intervene on the basis of a perceived error of state law. *Wilson*, 562 U.S. at 5; *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Claims concerning the improper application of sentencing guidelines are state-law claims and typically are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief). Petitioner therefore is not entitled to relief based on state law governing the calculation of guidelines variable scores or departures from state sentencing guidelines.

Petitioner also fails to demonstrate a due process violation. A sentence may violate due process if it is based upon material "misinformation of constitutional magnitude." *Roberts v. United States,* 445 U.S. 552, 556 (1980); *see also United States v. Tucker,* 404 U.S. 443, 447 (1972); *Townsend v. Burke,* 334 U.S. 736, 741 (1948). To prevail on such a claim, the petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *Tucker*, 404 U.S. at 447; *United States v. Stevens,* 851 F.2d 140, 143 (6th Cir. 1988); *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984). A sentencing court demonstrates actual reliance on misinformation when the court gives "explicit attention" to it, "found[s]" its sentence "at least in part" on it, or gives "specific consideration" to the information before imposing sentence. *Tucker*, 404 U.S. at 444, 447.

Petitioner makes only one argument about why the state court's sentencing decision was based on inaccurate information. Petitioner contends that the state court's decision to score

6

10 points on OV 4 was based on false information. Offense Variable 4 provides for an increase in sentence scoring based on psychological injury to a victim:

> (1) Offense variable 4 is psychological injury to a victim. Score offense variable 4 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:
>
> (a) Serious psychological injury requiring professional treatment occurred to a victim     10 points
>
> (b) For a conviction under section 50b of the Michigan penal code, 1931 PA 328, MCL 750.50b, serious psychological injury requiring professional treatment occurred to the owner of a companion animal     5 points
>
> (c) No serious psychological injury requiring professional treatment occurred to a victim     0 points
>
> (2) Score 10 points if the serious psychological injury may require professional treatment. In making this determination, the fact that treatment has not been sought is not conclusive.

Mich. Comp. Laws § 777.34.

Although Petitioner contends that the court's determination on OV 4 was based on false information, his own attached application for leave to appeal to the Michigan Court of Appeals demonstrates the opposite. The application for leave to appeal includes a number of quotations taken from both the plea and sentencing hearings. At the sentencing hearing, a victim advocate read the following statement submitted by the victim:

> Your Honor, there is a lot of emotional issues I had during the time [Petitioner] manipulated me. There was fear, guilt, and shame, responsibility, betrayal, anger and flashback. I had a real big fear that if I would have told, that he would be mad at me, and if I had told my parents, what would have happened. Another fear was I would have gotten in trouble with the police. I experienced guilt and shame during this time. Why did it happen to me? I also was ashamed that it happened to me. He took advantage of me. Why did he – can do it to anyone else? Whenever the topic comes up, I have to relive what happened over and over in my head. Now I have a hard time trusting boys in any relationship. He took advantage of his best friend's stepdaughter. Why did he only get in trouble with me? There could be other girls he did it to. I hope he sees – I hope he goes to jail for life. If not, there could be other kids that he can have affected. He needs to learn from

>what he did to me and stay in jail for life. I don't ever want someone else to have it done to them and experience what I had to go through.

(Pet'r's Appl. for Leave to Appeal to Mich. Ct. App, ECF No. 4-1, PageID.66.) The statement contains references to the significant nature of the psychological trauma suffered by the victim: "fear, guilt, and shame, responsibility, betrayal, anger and flashback." The victim also stated that she had continuing difficulty in trusting boys and suffered the pain of having to continuously relive the trauma. In the face of the victim's statement, Petitioner's claim that the sentencing court's decision to score 10 points was based on false information is demonstrably meritless.

Moreover, even if Petitioner could show that the sentencing court's conclusion on OV 4 was based on false information, Petitioner cannot show that the court actually relied on that information in setting the sentence. Petitioner complains that the 10-point score on OV 4 raised his minimum sentence range from level C-IV (108 to 180 months) to level C-V (126 to 210 months). The court concluded, however, that even the C-V range was far too low in the circumstances of the case, and it departed upward to sentence Petitioner to a minimum sentence of 30 years, or 360 months. Thus, the court did not base its sentence on the scoring of OV 4. For both reasons, Petitioner fails to demonstrate a due process error in the scoring of OV 4.

To the extent Petitioner intends to suggest that his sentence was disproportionate under *People v. Milbourn*, 461 N.W.2d. 1 (Mich. 1990), or unreasonable under *People v. Steanhouse*, 902 N.W.2d 327 (Mich. 2017), he fails to raise a cognizable habeas claim. In *Milbourn*, the Michigan Supreme Court held that a sentencing court must exercise its discretion within the bounds of Michigan's legislatively prescribed sentence range and pursuant to the intent of Michigan's legislative scheme of dispensing punishment according to the nature of the offense and the background of the offender. *Milbourn*, 461 N.W.2d at 9-10; *People v. Babcock*, 666 N.W.2d 231, 236 (Mich. 2003). Nearly three decades later, in *Steanhouse*, Michigan Supreme

Court held that a sentencing court's departure from the sentencing guidelines is unreasonable if the court abused its discretion. *Steanhouse*, 902 N.W.2d at 335. The proper test for determining whether the sentencing court abused its discretion, it held, is found in *Milbourn*'s proportionality analysis. *Id.* In other words, a sentence departing from the guidelines is unreasonable if it is disproportionate. Clarifying its holding, the *Steanhouse* court expressly rejected adopting factors used by the federal courts. *Id.*

It is plain that *Milbourn*, and thus *Steanhouse*, were decided under state, not federal, principles. *See Lunsford v. Hofbauer*, No. 94-2128, 1995 WL 236677, at * 2 (6th Cir. Apr. 21, 1995); *Atkins v. Overton*, 843 F. Supp. 258, 260 (E.D. Mich. 1994). As previously discussed, a federal court may grant habeas relief solely on the basis of federal law and has no power to intervene on the basis of a perceived error of state law. *See Wilson*, 562 U.S. at 5; *Bradshaw*, 546 U.S. at 76; *Pulley*, 465 U.S. at 41. Thus, Petitioner's claim that his sentence violated *Milbourn* and *Steanhouse* is not cognizable in a habeas corpus action.

Moreover, even if Petitioner intended to claim that his sentence was disproportionate under the Eighth Amendment, a claim he did not raise in the state courts, he would not be entitled to habeas relief. The United States Constitution does not require strict proportionality between a crime and its punishment. *Harmelin v. Michigan*, 501 U.S. 957, 965 (1991); *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). "Consequently, only an extreme disparity between crime and sentence offends the Eighth Amendment." *Marks*, 209 F.3d at 583; *see also Lockyer v. Andrade*, 538 U.S. 63, 77 (2003) (gross disproportionality principle applies only in the extraordinary case); *Ewing v. California*, 538 U.S. 11, 36 (2003) (principle applies only in "'the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality'") (quoting *Rummel v. Estelle*, 445 U.S.

9

263, 285 (1980)). A sentence that falls within the maximum penalty authorized by statute "generally does not constitute 'cruel and unusual punishment.'" *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) (quoting *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1995)). Further, "[f]ederal courts will not engage in a proportionality analysis except in cases where the penalty imposed is death or life in prison without possibility of parole." *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995).

Petitioner was not sentenced to death or life in prison without the possibility of parole, and his sentence falls within the maximum penalty under state law. Petitioner's sentence therefore does not present the extraordinary case that runs afoul of the Eighth Amendment's ban on cruel and unusual punishment.

For all these reasons, Petitioner's challenge to his sentence fails to raise a meritorious federal claim.

## IV. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional

claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability. Moreover, although Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

### **Conclusion**

The Court will enter a judgment dismissing the petition and an order denying a certificate of appealability.


Dated:   July 23, 2020                         /s/ Janet T. Neff
                                                Janet T. Neff
                                                United States District Judge